

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

October 15, 2019

Hon. Kevin McNulty, U.S.D.J.
United States District Court,
District for New Jersey
Martin Luther King, Jr. Federal Building
& U.S. Courthouse, Room PO4
50 Walnut Street
Newark, NJ 07102

    Re: Anthony Pinson v. Sharmalie Perera, et al.
        Civil Action No.: 19-17227 (KM-ESK)
        Letter Brief in Support of Defendants' Motion to
        Dismiss Plaintiff's Complaint

Dear Judge McNulty:

This office represents defendants New Jersey Department of Corrections, Acting Commissioner Marcus O. Hicks, Director Willie Bonds and Administrator Patrick Nogan (collectively, "State Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in support of State Defendants' motion to dismiss the Complaint in lieu of an answer, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2964 FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Anthony Pinson is an inmate currently confined at South Woods State Prison ("South Woods") in Bridgeton, New Jersey. (Compl., ¶¶ 4, 19). He was previously held at Northern State Prison ("NSP") in Newark, New Jersey. (Compl., ¶ 21). Plaintiff alleges he suffers from sickle cell anemia which results in periodic episodes of severe pain, referred to as "pain crises" (hereinafter "crises"). (Compl. ¶¶ 23-26). He asserts that crises require hospitalization, blood transfusions, and administration of powerful opioids. (Compl. ¶¶ 31).

Plaintiff states he suffered three crises during his incarceration at South Woods and four additional crises while he was confined at NSP. (Compl., ¶¶ 32-33). He maintains generally that State Defendants prohibited his access to opioid painkillers and alternatively provided Tylenol and water. (Compl., ¶34). Further, in April 2019, Plaintiff suffered a crises at the Middlesex County Courthouse and was transported to the Robert Wood Johnson University Hospital ("RWJ") in New Brunswick, New Jersey. Plaintiff states he was treated for the crisis at RWJ and diagnosed with a bone infarction in his shin. (Compl., ¶¶ 35, 37). He maintains the medical bills from hospitalization totaled

approximately $10,000 and his infarction remains untreated. (Compl., ¶¶36, 40).

Plaintiff filed his Complaint on or about August 27, 2019, in the United States District Court for the District of New Jersey, Newark Vicinage, against Defendants New Jersey Department of Corrections ("NJDOC"), Acting Commissioner Hicks, Director Willie Bonds, and Administrator Patrick Nogan. (ECF No. 1). Plaintiff brings claim under 42 U.S.C. § 1983 against Defendants Hicks, Nogan and Bonds asserting they developed policies and/or gave orders which caused a deprivation of his constitutional rights. Plaintiff also advances negligence and intentional infliction of emotional distress claims against Defendant NJDOC. (Compl., ¶¶ 41-60). On September 27, 2019, State Defendants moved for a clerk's extension of time to answer, move, or otherwise reply, which was granted. (ECF No. 6).

This motion to dismiss in lieu of an answer now follows.

## **STANDARD OF REVIEW**

There are two working principles underlying the motion to dismiss standard, pursuant to Fed. R. Civ. P. 12(b)(6).  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth."  *Id.* at 1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. *Id.* When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (quotations omitted).

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST DEFENDANTS HICKS, NOGAN AND BONDS SHOULD BE DISMISSED BECAUSE HE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

All of Plaintiff's claims against Acting Administrator Hicks, Director Bonds, and Administrator Nogan ("Supervisor Defendants") should be dismissed because he has failed to plead sufficient facts to establish supervisory liability under § 1983.

Government Supervisors cannot be held liable for the "unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, *supra*, 566 U.S. at 676. Rather, there are two general ways that a supervisor can be held liable for his actions under § 1983. *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *overruled on other grounds by* Taylor v. Barkes, 135 S. Ct. 2042 (2015). First, a supervisor can be held liable when with "deliberate indifference to the consequences," he establishes or maintains "a policy, practice, or custom which directly caused [a] constitutional harm. *Id.* (citing *A.M. Ex Rel. J.M.K. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572 (3d Cir. 2004)) Second, a supervisor may be personally liable under § 1983 if he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* (internal citation and quotation

marks omitted). However, Plaintiff has failed to plead sufficient facts, under either theory of supervisory liability, to state a claim for which relief can be granted.

In order to sufficiently plead a claim for failure to supervise, Plaintiff must plead facts that satisfy a four-part test. First, "the plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Barkes*, *supra*, 766 F.3d at 317 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *see also Brown v. Muhlenberg Twp.*, 269 F.3d 205 (3d Cir. 2001). In essence, such a claim requires that a supervisor "by his or her *own* deliberate indifference to *known* deficiencies in a government policy or procedure, has allowed to develop an environment which there is an unreasonable risk that a constitutional injury will occur, and that such an injury *does* occur." *Barkes*, *supra*, 766 F.3d at 320 (emphasis in original).

First, rather than identifying any specific supervisory policy or practice that Supervisor Defendants knew were deficient, the Complaint merely makes conclusory allegations that Supervisor

Defendants were "personally responsible for the orders and/or policies that subjected Plaintiff to" extreme pain, risk of death, and development of a bone infarction. (*See* Compl. ¶¶ 49-50). But such assertions are entirely devoid of facts; and such claims in regard to the existence of, and knowledge about, such a practice or custom consist of mere speculation in the form of a conclusory statement. "[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); *see also Docherty v. Cape May Cty.*, No. CV 15-8785 (RMB), 2017 WL 3528979, at *4 (D.N.J. Aug. 15, 2017); *Jillard v. Bayside State Prison*, No. CV 16-4118, 2017 WL 878228, at *4 (D.N.J. Mar. 6, 2017). Under Rule 8(a), courts are required to "disregard 'naked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Santiago, supra, 629 F.3d at 131(internal citation omitted).

    Rather than plead mere conclusory statements, a complaint needs to state factual details related to conduct of the defendants making them responsible for the alleged constitutional harm. See *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff has failed to plead any facts that show that there was an actual policy in effect that created an unreasonable risk of death, extreme pain,

or development of a bone infarction. Plaintiff has also failed to plead any actual facts that show that either Supervisor Defendants had any actual knowledge of the deficiencies in any such policy and were also deliberately indifferent to those deficiencies. Thus, he has failed to set forth the basis for a failure to supervise claim based on a deficient policy.

Second, Plaintiff has also failed to plead sufficient facts to state a claim for supervisory liability under the theory that any of the Supervisor Defendants either were personally involved in, or had knowledge of and acquiesced in, the violation of Plaintiff's constitutional rights when he was allegedly denied proper medical care. Nor does the Complaint state that any of the Supervisor Defendants directed any of their subordinates to violate the constitutional rights of Plaintiff. Again, Plaintiff only asserts the conclusory allegation that Supervisor Defendants were "personally responsible for the orders and/or policies that subjected Plaintiff to" extreme pain, risk of death, and development of a bone infarction. (*See* Compl. ¶¶ 49-50). This allegation is insufficient because it is threadbare, conclusory, and embodies a legal point. Thus, Plaintiff's claims against Supervisor Defendants should be dismissed.

**POINT II**

**PLAINTIFF'S STATE LAW CLAIMS AGAINST NJDOC SHOULD BE DISMISSED UNDER THE NEW JERSEY TORT CLAIMS ACT.**

**A. Plaintiff's State Law Claims Should Be Dismissed Because Plaintiff Has Failed to Comply With The Presentation Requirements of the NJTCA.**

The Court should dismiss Plaintiff's state law claims because Plaintiff has failed to comply with the presentation requirements of the New Jersey Tort Claims Act ("NJTCA"). Under the NJTCA, a person bringing a tort claim against a public official must give notice to the entity within ninety days of the injury. N.J.S.A. 59:8-8. A claim against the state must be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission, in this case, the New Jersey Department of Corrections. N.J.S.A. 59:8-7; *see also Waheed v. Atkins*, 2010 WL 148798, at *6 (D.N.J. Jan. 13, 2010); *Brown v. Arrayo*, 2012 WL 4506550, at *5 (D.N.J. Sept. 28, 2012). Plaintiffs may satisfy the Act's notice requirement through substantial rather than strict compliance. *Lebron v. Sanchez*, 970 A.2d 399, 405 (N.J. App. Div. 2009) (notice requirement was not intended as a "trap for the unwary").

A claimant is "forever barred from recovering against a public entity or public employee" if the claimant fails to file the notice of claim with the public entity within 90 days of accrual of the

claim. N.J.S.A. 59:8-8(a). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See*, *e.g.*, *Webster v. Rutgers-New Jersey Med. Sch.*, No. CV 15-08689, 2017 WL 3399996, at *3 (D.N.J. Aug. 4, 2017); *Dukes v. New Jersey Transit Corp.*, No. CV 16-08947 (CCC), 2018 WL 1378726, at *6 (D.N.J. Mar. 19, 2018); *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016); *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. App. Div. 2014); *Yancoskie v. Delaware River Port Auth.*, 155 N.J. Super. 1, 5, (N.J. App. Div. 1977), *aff'd*, 78 N.J. 321 (N.J. 1978).

Here, the Court should dismiss Counts Two and Three of Plaintiff's complaint asserting negligence and intentional infliction of emotional distress against Defendant NJDOC for failure to comply with the NJTCA. Plaintiff does not allege he filed a timely notice of claim under the NJTCA. Further, the Complaint does not allege any extension of the requirement to file has been sought or obtained. (*See generally Plaintiff's Compl.*). Accordingly, Plaintiff's state law claims should be dismissed for failure to comply with the Tort Claims Act.

### B. **Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed Against NJDOC Because The Theory Of Respondeat Superior Does Not Apply to Intentional Torts**

In addition to constitutional claims, Plaintiff alleges that Defendant NJDOC is the employer of Doctors Sharmalie Perera and Sandra Connolly and therefore "liable via the principle of respondeat superior for [his] severe emotional distress." (Compl., ¶ 60). Under the Tort Claims Act, "there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to such intentional torts, the theory of respondeat superior does not apply." *Hoag v. Brown*, 397 N.J. Super. 34, 53-54 (App. Div. 2007).  Axiomatically, intentional infliction of emotional distress is an intentional tort.  As the theory of respondeat superior is not applicable to such torts and Plaintiff's failure to show that Defendant NJDOC is personally responsible for alleged negligence of Drs. Perera and Connolly precludes a finding of liability against the agency. Thus, Count Three of Plaintiff's Complaint should be dismissed.

**POINT III**

**PLAINTIFF'S CLAIMS AGAINST SUPERVISOR DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.**

Qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *E.g.*, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Qualified immunity balances the need to hold officials accountable for irresponsible exercise of power with the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.* Qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (KENNEDY, J., dissenting). To determine whether qualified immunity applies, Courts engage in a two-step analysis. *Id.*, at 232. The court must first (1) decide whether the facts plaintiff has alleged or shown make out a violation of a constitutional right, and if a plaintiff has satisfied that step, the court decides (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Id.*, at 232. This analysis applies to New Jersey State law claims under

the Tort Claims Act and New Jersey Constitution. *See* N.J.S.A. 59:3-3; *Alston v. City of Camden*, 168 N.J. 170, 186 (N.J. 2001); *Wildoner v. Borough of Ramsey*, 162 N.J. 375 (N.J. 2000).

Defendants Hicks, Nogan and Bonds are entitled to qualified immunity because they are government officials whose alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Allah v. Ricci*, 532 F.App'x 48, 51 (3d Cir. 2013); *Hudson v. McMillian*, 503 U.S. 1, 20 (1992) (noting the Eighth Amendment "plays a very limited role in regulating prison administration"). As argued above, Plaintiff has failed to plead that their actions constituted a constitutional violation. *See supra*, at Point I.

Further, there is no "clearly established" law that would have put Defendants Hicks, Nogan and Bonds on notice that their alleged actions violated Plaintiff's constitutional rights. Plaintiff has not identified a clearly established legal principle that would place them on notice that Plaintiff had a constitutional right that was allegedly violated in this case. Therefore, qualified immunity applies and Plaintiff's Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the State Defendants' Motion to Dismiss Plaintiff's Complaint be granted and all claims against State Defendants be dismissed with prejudice.

                Respectfully submitted,

                GURBIR S. GREWAL
                ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Travis M. Anderson
     Travis M. Anderson
     Deputy Attorney General

c.  Michael Poreda, Esq.
    *Attorney for Plaintiff*