Michael Poreda, Esq. (025492010)
**WRONKO LOEWEN BENUCCI**
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PINSON,<br><br>                                    *Plaintiff*,<br><br>vs.<br><br>SHARMALIE PERERA, M.D., SANDRA CONNOLLY, M.D., PATRICK NOGAN, WILLIE BONDS, MARCUS O. HICKS, ESQ., ACTING COMMISSIONER OF NEW JERSEY DEPARTMENT OF CORRECTIONS, NEW JERSEY DEPARTMENT OF CORRECTIONS, JOHN DOES 1-24, RUTGERS UNIVERSITY – UNIVERSITY CORRECTIONAL HEALTH CARE,<br><br>                                    *Defendants*. | Docket No. 2:19-cv-17227-KM-ESK<br><br><u>Civil Action</u><br><br>**JOINT DISCOVERY PLAN** |

1

1.) **Attorneys**

    Michael Poreda
    Wronko Loewen Benucci
    69 Grove Street
    Somerville, NJ
    Phone: 908-704-9200
    Fax: 908-704-9291
    *Attorney for Plaintiff*

    Travis M. Anderson
    Deputy Attorney General
    Hughes Justice Complex
    25 Market Street
    P.O. Box 112
    Trenton, NJ 08625-0112
    Phone: (609) 376-3125
    Fax: (609) 777-3607
    *Attorney for Defendants Marcus O. Hicks, Willie Bonds, Patrick Nogan, and New Jersey Department of Corrections*

2.) **Description of the Case**

1.) This case involves deliberate indifference to a prisoner's serious medical need. Plaintiff Anthony Pinson has sickle cell anemia. Periodic episodes of pain, called crises, are a major symptom of sickle cell anemia. Crises can be dangerous. Many patients who die from sickle cell anemia die during crises. Sickle cell anemia can damage and destroy organ tissue. Plaintiff suffers from periodic crises lasting one to two weeks. During crises, Plaintiff is in severe pain. During a crisis, Plaintiff requires hospitalization, where he is treated with powerful opiods such as morphine, tramadol, and dilaudid, and receives blood transfusions. When Plaintiff was in South Woods, he suffered three crises without hospitalization and was only given water and Tylenol. Since Plaintiff has been at Northern State Prison, he has had four crises, during which he was not hospitalized and was given only water and Tylenol. He was told by Defendants that he was not allowed to have opiod pain killers.

In April 2019, Plaintiff was taken to court in Middlesex County during a crisis. Due to his blatantly obvious condition, he was transported to Robert Wood Johnson Hospital where he was kept for a month and properly treated for a sickle cell crisis. The hospitalization resulted in medical bills of approximately $10,000, which were billed directly to Plaintiff.

During the crisis, he was diagnosed with a bone infarction in his shin. An infarction is tissue death caused by inadequate blood supply to the affected area. It is a complication of untreated sickle cell anemia. The infarction causes Plaintiff extreme pain. The

infarction will cause Plaintiff extreme pain for the rest of his life. Plaintiff is not being treated for the infarction.

The Complaint alleges liability under 42 U.S.C. § 1983, negligence, and intentional infliction of emotional distress.

Defendants Hicks, Bonds, and Nogan have filed a motion to dismiss, alleging that the complaint should be dismissed as to these defendants for failure to state a plausible claim pursuant to *Iqbal v. Ashcroft*, for failure to file a Notice of Tort Claim, and because of qualified immunity.

3.) **Settlement Discussions**
There have been no settlement discussions.

4.) **Meet and Confer (Rule 26(f))**
The parties have not had a Rule 26(f) meeting

5.) **Initial Disclosures (Rule 26(a))**
The parties have not yet exchanged information because some of the Defendants has not yet made an appearance.

6.) **Problems with Initial Disclosures**
N/A

7.) **Discovery to date**
There has been no discovery to date.

8.) **Proposed Joint Discovery Plan**

    a. Discovery is needed on the following subjects
- Plaintiff's medical records
- Depositions of individually-named Defendants plus John Doe Defendants

    b. Discovery should **not** be conducted in phases or limited to particular issues

    c. Proposed Schedule

        i. Fed. R. Civ. P. 26 Disclosures shall be served by November 21, 2019.

        ii. Discovery conference pursuant to L. Civ. R. 26.1(d) by November 18, 2019.

        iii. Service of initial written discovery by December 10, 2019.

        iv. Maximum of 25 Interrogatories by each party to each other party.

    v.   Maximum of 10 depositions to be taken by each party.

    vi.   Responses to initial written discovery by February 10, 2020.

    vii.   Depositions of fact witnesses to be completed by May 10, 2020.

    viii.   Motions to amend or to add parties to be filed by the end of depositions of the named Defendants.

    ix.   Factual Discovery to be completed by July 10, 2020.

    x.   Plaintiff's expert report due on August 10, 2020

    xi.   Defendant's expert report due on October 10, 2020.

    xii.   Expert depositions to be completed by November 10, 2020.

    xiii.   Dispositive motions to be served within 30 days of completion of discovery

**WRONKO LOEWEN BENUCCI**

Date: November 7, 2019

By: _____
    MICHAEL POREDA
    *Attorney for Plaintiff*

**GUBBIR GREWAL**
**ATTORNEY GENERAL OF NEW JERSEY**

Date:

By: _____
    TRAVIS M. ANDERSON
    *Deputy Attorney General*

4