Cyndee L. Allert – I.D. Number 029482006
DUGHI, HEWIT & DOMALEWSKI
340 North Avenue
Cranford, New Jersey  07016
(908) 272-0200
Attorneys for Defendant,
University Correctional Health Care

---

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | DISTRICT OF NEW JERSEY |
| ANTHONY PINSON, |  |
|  | CIVIL ACTION NO. 2:19-cv-17227 |
| Plaintiff, |  |
|  | ANSWER TO COMPLAINT, |
| vs. | CLAIM FOR CONTRIBUTION, |
|  | DEMAND FOR DAMAGES |
| SHARMALIE PERERA, M.D., SANDRA | DEMAND FOR AFFIDAVIT |
| CONNOLLY, M.D., PATRICK NOGAN, | OF MERIT, AND DEMAND |
| WILLIE BONDS, MARCUS O. HICKS, | FOR JURY TRIAL |
| ESQ., ACTING COMMISSIONER OF |  |
| NEW JERSEY DEPARTMENT OF | (Electronically filed) |
| CORRECTIONS, NEW JERSEY |  |
| DEPARTMENT OF CORRECTIONS, |  |
| JOHN DOES 1-24, RUTGERS |  |
| UNIVERSITY – UNIVERSITY |  |
| CORRECTIONAL HEALTH CARE, |  |
| Defendants. |  |

---

DUGHI, HEWIT & DOMALEWSKI, on behalf of defendant, University Correctional Health Care (improperly pled as Rutgers University – University Correctional Health Care), answers the Counts of the Complaint directed against defendant.  No response is made to any Counts not directed against defendant named herein.

## JURISDICTION AND VENUE

No response is made to the allegations contained in paragraphs 1 through 3 of this Count as they state a legal conclusion.

## THE PARTIES

1. The allegations contained in paragraphs 5 through 7 are admitted.

2. No response is made to paragraph 4 of this Count as this defendant is presently without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. No response is made to paragraphs 8 through 18 of this Count as there are no allegations directed against this defendant contained therein.

## FACTS

No response is made to paragraphs 19 through 40 of this Count as this defendant is presently without knowledge or information sufficient to form a belief as to the truth of these allegations.

## COUNT I

1. The allegations contained in paragraphs 47 through 51 are denied.

2. No response is made to paragraphs 43 through 46 of this Count as this defendant is presently without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. No response is made to the allegations contained in paragraphs 41 and 42.

## COUNT II

1. The allegations contained in paragraphs 52 through 54 are denied.

2. No response is made to the allegations contained in paragraph 55 of this Count as they state a legal conclusion.

## COUNT III

1. The allegations contained in paragraphs 56 through 59 are denied.

2. No response is made to the allegations contained in paragraph 60 of this Count as they state a legal conclusion.

## FIRST AFFIRMATIVE DEFENSE

The claim set forth in the Complaint is barred by the Statute of Limitations as this suit was not filed within the time period allowed by the statute.

## SECOND AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to state a claim upon which relief can be granted. The right to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is explicitly reserved.

## THIRD AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained by the injured plaintiff were the result of the acts or omissions of an unrelated third party over whom there was no control.

## FOURTH AFFIRMATIVE DEFENSE

Recovery on the claim set forth in the Complaint is diminished or barred by the failure of the injured plaintiff to mitigate damages and/or avoid the consequences of the alleged negligence.

## FIFTH AFFIRMATIVE DEFENSE

Recovery on the claim set forth in the Complaint is diminished or barred by the negligence of the injured plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Recovery on the claim set forth in the Complaint is barred by the contributory wantonness of the injured plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Recovery on the claim set forth in the Complaint is barred by reason of the injured plaintiff having already received a full and fair compensation for all injuries and/or a complete satisfaction of this claim.

## EIGHTH AFFIRMATIVE DEFENSE

The right to move to dismiss the Complaint by reason of plaintiff's failure to comply with Fed. R. Civ. P. 4 and Fed. R. Civ. P. 41 is explicitly reserved.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as this Court has not obtained appropriate personal jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

No agency relationship exists between this defendant and any other party to this proceeding as a result of which this defendant has no vicarious liability by reason of the act of any other party.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages recovered on the Complaint are to be reduced by any benefits from collateral sources.

TWELFTH AFFIRMATIVE DEFENSE

Defendant is a non-profit organization organized exclusively for charitable, educational, religious or hospital purposes and the purposes contemplated in N.J.S.A. 2A:53A-7, et seq. and is therefore not liable to plaintiffs except to the extent and as limited by the statutory law of New Jersey.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively and specifically pleads each and every defense, limitation of liability and immunity provided pursuant to N.J.S.A. 59:1-1, et seq., the New Jersey Tort Claims Act.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively and specifically pleads each and every defense, limitation of liability and immunity provided to it by virtue of plaintiff's failure to comply with the notice provisions of N.J.S.A. 59:8-3, et seq.

FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery to which plaintiff might otherwise be entitled is subject to reduction or limitation in accordance with the limitation on damages provided in N.J.S.A. 59:9-2 and 59:9-3.

SIXTEENTH AFFIRMATIVE DEFENSE

Any liability which might otherwise be imposed upon this defendant must be reduced by the application of the standard of comparative negligence mandated by N.J.S.A. 59:9-4.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from plaintiff's claims pursuant to N.J.S.A. 59:2-1, et seq.

## ADOPTION OF AFFIRMATIVE DEFENSES

Defendant incorporates and adopts all defenses asserted by any codefendant now or hereinafter filed.

## DEMAND FOR STATEMENT OF DAMAGES

Defendant demands a written statement of damages within ten (14) days as provided by Local Civ. Rule 8.1.

## DEMAND FOR AFFIDAVIT OF MERIT

We demand that plaintiff, or any other party asserting a claim based on professional negligence, submit the affidavit of merit required by N.J.S.A. 2A:53A-27 within sixty (60) days.

## CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

If this defendant should be found liable on the Complaint, which liability is denied, this defendant demands contribution and indemnification from any co-defendants presently identified or subsequently named in this action.  In the alternative, in the event that proofs developed in discovery or at trial establish a basis for liability on the part of any other co-defendant(s) and such co-defendant(s) enter into a settlement agreement, in whole or in part, with Plaintiff, this defendant asserts a claim for credit reducing the amount of any judgment in favor of Plaintiffs to reflect the degree of fault allocated to the settling co-defendant(s)

## DEMAND FOR JURY TRIAL

This defendant demands a trial by jury on all the issues involved herein.

## CERTIFICATION OF TIMELINESS

We hereby certify that the within Answer was served within the time period allowed by Fed. R. Civ. P. 12, as extended consistent with Local Civ. Rule 6.1.

CERTIFICATION PURSUANT TO LOCAL CIV. RULE 11.2

The undersigned attorney hereby certifies that the matter in controversy is not the subject of any other pending lawsuits, arbitration or administrative actions.

                              DUGHI, HEWIT & DOMALEWSKI
                              Attorneys for Defendant, University
                              Correctional Health Care

                              */s/ Cyndee L. Allert*
                              Cyndee L. Allert, Esq.
                              Dughi, Hewit & Domalewski, P.C.
                              340 North Avenue
                              Cranford, NJ  07016
                              (908) 272-0200
                              Fax:  (908) 272-0909
                              callert@dughihewit.com

Dated:  December 13, 2019